UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIOS ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION,<br>OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | No. 2:15-cv-2681 TLN AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendants' motion to dismiss, ECF No. 17, came on for hearing before the undersigned on March 15, 2017. Plaintiff appeared in pro se, and attorney Andrew Noble appeared on behalf of Ocwen Financial Corporation and Ocwen Loan Servicing, LLC. For the reasons that follow, the court recommends that the motion to dismiss be granted without leave to amend.

## I. PROCEDURAL BACKGROUND

This case involves an alleged illegal foreclosure on plaintiff's real property, and misconduct by defendants as mortgage servicers of plaintiff's mortgage loan. Plaintiff defaulted on his mortgage loan in 2006; the property was sold at auction on February 29, 2008. ECF No. 1 at 7 and Exh. B. On March 16, 2015, plaintiff sued defendants for unfair business practices and fraud in Sacramento Superior Court. ECF No. 1 (Exh. K). That lawsuit was voluntarily dismissed after the superior court issued a tentative ruling finding most of plaintiff's claims time-

1

barred and the rest otherwise insufficient. ECF No. 18-2 at 160-169. The instant complaint was filed in this court on December 28, 2015. ECF No.1.

The pro se complaint asserts six (6) causes of action: (1) Violation of State and Federal Law to Unfair and Deceptive Consumer Practices to Loan Servicing; (2) Violation of State and Federal Law to Deceptive Consumer Practice to Foreclosure Proceedings; (3) Violation of the Consumer Financial Protection Act 12 U.S.C. §§5481 et. seq. (CFPA) with Respect to Loan Servicing and Foreclosure; (4) Violation of State and Federal law by Using a Fraudulent Notary Seal of Doris Chapman and Forged Her Signature and Filed the Document Across State Line; (5) Violation of State and Federal Law to Wire Fraud by Transferring Funds Across State Lines; (6) Violation of State and Federal Law by Mortgage Servicing Misconduct, Breach of Contract, and Illegal Foreclosure Proceedings on Plaintiff's Home. ECF No. 1. Despite repeated references to "violation of state and federal law," the only statute cited in the complaint is the CFPA; the allegations of the complaint are thus construed to assert common law causes of action under general contract and fraud principles.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 17. Both parties seek judicial notice of documents pertinent to the motion. ECF No. 18 (defendants), 21 (plaintiff).

## II. REQUESTS FOR JUDICIAL NOTICE

Defendants seek judicial notice of the following documents:[1]

(1) the Deed of Trust recorded by the Sacramento County Recorder on June 13, 2003. (ECF No. 18, Request for Judicial Notice ("RJN"), Exh. 1);

(2) the Notice of Default recorded by the Sacramento County Recorder on August 11, 2006 (id. at Exh. 2);

(3) the Assignment recorded by the Sacramento County Recorder on November 13, 2007 (id. at Exh. 3);

(4) the Substitution of Trustee recorded by the Sacramento County Recorder on

---

[1] The documents submitted for judicial notice are found at ECF No. 18-1and 18-2.

| | |
|---|---|
| 1 | November 13, 2007 (id. at Exh. 4); |
| 2 | (5) the Notice of Trustee's Sale recorded by the Sacramento County Recorder on |
| 3 | November 13, 2007 (id. at Exh. 5) ; |
| 4 | (6) the Trustee's Deed Upon Sale recorded by the Sacramento County Recorder on March |
| 5 | 14, 2008 (id. at Exh. 6); |
| 6 | (7) the Interspousal Transfer Deed recorded by the Sacramento County Recorder on June |
| 7 | 21, 2010 (id. at Exh. 7); |
| 8 | (8) the Short Form Deed of Trust recorded by the Sacramento County Recorder on June |
| 9 | 21, 2010 (id. at Exh. 8); |
| 10 | (9) the Grant Deed recorded by the Sacramento County Recorder on June 21, 2010 (id. at |
| 11 | Exh. 9); |
| 12 | (10) the Complaint in CFPB, at al. v. OCWEN FINANCIAL CORPORATION, LLC, No. |
| 13 | 1:13-cv-02025-RMC (D.D.C. Feb. 26, 2014) (the "class action") (id. at Exh. 10); |
| 14 | (11) the Consent Judgment in CFPB, at al. v. OCWEN FINANCIAL CORPORATION, |
| 15 | LLC, No. 1:13-cv-02025-RMC (D.D.C. Feb. 26, 2014) (the "class action") (id. at Exh. |
| 16 | 11); |
| 17 | (12) the Complaint in Alexios Alexander v. Ocwen Financial Corporation, Ocwen Loan |
| 18 | Servicing, LLC, No. 34-2015-00176506 (Sacramento County Superior Court) (the |
| 19 | "State Court Action") (id. at Exh. 12); |
| 20 | (13) the Minute Order sustaining OCWEN's demurrer to the initial Complaint in the State |
| 21 | Court Action with leave to amend, dated August 27, 2015 (id. at Exh. 13); |
| 22 | (14) the First Amended Complaint in the State Court Action, dated September 24, 2015 |
| 23 | (id. at Exh. 14); |
| 24 | (15) the Tentative Ruling sustaining OCWEN's Demurrer to the First Amended |
| 25 | Complaint in the State Court Action, with leave to amend (id. at Exh. 15); |
| 26 | (16) the Court's Electronic Docket showing plaintiff's voluntary dismissal of the State |
| 27 | Court Action (id. at Exh. 16). |
| 28 | Plaintiff seeks judicial notice of "the submitted documents in this case and the case of |

the Consumer Financial Protection Bureau and (49) Separate Attorney Generals vs. Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, Case No. 1:13-cv-02025 RMC." ECF No. 21 at 1. The referenced case is the same as defendants' Exh. 11 ("the class action").

The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan. Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F.Supp.2d 1048, 1052-53 (N.D. California 2009). A court may also take "judicial notice of matters of public record outside the pleadings." Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

The court has examined each of the exhibits for which judicial notice is requested, and finds that defendants' Exhibits are suitable for judicial notice as matters of public record outside the pleadings. See Fed. R. Evid. 201(b). Exhibits 1 through 9 pertain directly to the property and/or loan at issue and are therefore proper subjects of judicial notice. Defendants also rely upon Exhibits 10 through 16 in arguing that the current lawsuit raises claims similar to those in the proffered cases. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted). Accordingly, the court takes judicial notice of the submitted documents.

### III. STANDARDS UNDER RULE 12(B)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011)

These same standards apply where, as here, defendant moves to dismiss based upon an
////
////

5

affirmative defense of untimeliness.[2]

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper.

ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted); see also, Jones v. Bock, 549 U.S. 199, 215 (2007) ("[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground"). A complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

## IV.  DISCUSSION

### A. Plaintiff's Claims are Barred by the Applicable Statute of Limitations

Defendants contend that the complaint must be dismissed because plaintiff's claims are barred by the applicable statute of limitations. The court agrees.[3]

#### 1. Contract Claims: California Code Civil Procedure § 337

Claims One (Unfair and Deceptive Consumer Practices to Loan Servicing), Three (Violation of the CFPA with Respect to Loan Servicing and Foreclosure), and part of Claim Six (Mortgage Servicing Misconduct, Breach of Contract, and Illegal Foreclosure Proceedings) are predicated on defendants' alleged breach of a forbearance agreement. Accordingly, to the extent these claims may be maintained at all,[4] they are subject to Cal. Code Civ. § 337. That statute

---

[2] See Fed. R. Civ. P. 8(c)(1) (identifying affirmative defenses, including statute of limitations).
[3] Accordingly, with one exception discussed below, the court does not address defendant's alternative arguments that plaintiff's factual allegations do not support any claim for relief.
[4] As to Count Three, the court notes that the CFPA does not provide for a private right of action. See Gingras v. Rosette, 2016 U.S. Dist. LEXIS 66833, at *65 (D.Vt. May 18, 2016) ("Defendants are correct in their claim that the Consumer Financial Protection Act ('CFPA'), 12 U.S.C. §5481 et seq., does not provide for a private right of action. Although reported cases on this issue are scarce, the structure and specific provisions of the CFPA makes it clear that Congress did not intend to create private causes of action."); see also Nguyen v. Ridgewood Sav. Bank, 2015 U.S.

6

provides a four year period of limitations for breach of contract claims.

The statute of limitations begins to run when the cause of action accrues. See Waxman v. Citizens Nat'l Trust & Sav. Bank, 123 Cal. App. 2d 145 (Cal. App. 1954). A claim for breach of contract accrues when the breach occurs, or when plaintiff could by the exercise of reasonable diligence have discovered the breach. Perez-Encinas v. AmerUS Life Ins. Co., 468 F.Supp.2d 1127, 1134 (N.D. Cal. 2006). Here, the breach of any forbearance agreement would have been obvious at the time of the foreclosure sale, if not before. This lawsuit was filed almost eight years after the sale, well beyond the limitations period.

Plaintiff contends that he only became aware of his injuries when he learned of the class action suit that was brought against Ocwen in 2013, and which was subsequently resolved by consent judgment in 2014. Plaintiff acknowledges that he did not fall within the plaintiff class in that action, but argues that he first discovered defendants' misconduct when Ocwen "admitted guilt" and settled the class action. ECF No. 1 (Complaint) at 2:20-28. Plaintiff contends that the statute of limitations for all his claims should therefore run from the filing or settlement date of the class action. Id.

A claim accrues when the *injury* occurs or is discovered, however, not when a party discovers a legal theory or learns of his right to sue. Perez-Encinas, 468 F.Supp.2d at 1134; see also, Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 187 (1971) ("The plaintiff's ignorance of the cause of action . . . does not toll the statute."). Plaintiff's injury is the alleged wrongful sale of his home while he was seeking relief from foreclosure. Plaintiff was indisputably aware when the house was sold that he had lost the house, and that any agreement he had with Ocwen to avoid sale had been violated. Accordingly, plaintiff's theory does not support a later accrual date for his claims. Absent tolling, Claims One, Three, and Six (to the extent based on breach of contract) are therefore barred by the statute of limitations applicable to

---

Dist. LEXIS 64301, at *34 (E.D.N.Y. May 15, 2015), Kalisz v. Am. Express Centurion Bank, 2016 U.S. Dist. LEXIS 46246, at *4-5 (E.D. Va. Apr. 5, 2016) ("Any violation of the CFPA may not be litigated by Plaintiff because they cannot be enforced by a private individual."); Johnson v. J.P. Morgan Chase Nat'l Corp. Servs., 2014 U.S. Dist. LEXIS 122552 at *11 (W.D.N.C. Aug. 5, 2014).

contract claims and should be dismissed.

      2.   <u>Fraud Claims: California Code Civil Procedure § 338</u>

Claims Two (Deceptive Consumer Practice to Foreclosure Proceedings), Four (Fraudulent Notary Seal and Filing of Forged Document Across State Line), Five (Wire Fraud by Transferring Funds Across State Lines), and part of Claim Six (Mortgage Servicing Misconduct, Breach of Contract, and Illegal Foreclosure Proceedings) all sound in fraud. Accordingly, their timeliness is governed by Cal. Code Civ. Proc. § 338, which establishes a three year statute of limitations.

A fraud claim accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d); <u>Samuels v. Mix</u>, 22 Cal. 4th 1, 14 (1999) ("Section 338(d) provides that a plaintiff must commence within three years any 'action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'"). Here, with the possible exception of Claim Four, plaintiff's allegations of fraud, misrepresentation and deception involve communications between himself and Ocwen, and practices of Ocwen's, which plaintiff necessarily knew about no later than the time the property was sold. Accordingly, the claims accrued at that time. The instant complaint was filed almost eight years later, and is therefore time-barred. For the same reasons discussed above regarding the contract claims, plaintiff is not entitled to a later accrual date based on his "discovery" of illegality when he learned about the class action.

The possible exception to this timeliness analysis is Claim Four, which is based on the alleged forgery of a notary public's signature on the assignment of deed of trust that was recorded in Sacramento County on November 13, 2007. ECF No. 1 (Complaint) at 11-12, 14. This alleged fraud would have been perpetrated at the time of the recording, and the claim accordingly accrued then – or in any case no later than the foreclosure sale, when plaintiff alleged that he was deprived of his property on the basis of the prior fraudulent transactions. Plaintiff may, however, mean to allege that the forgery was not discovered or discoverable at the time of recording or sale. The complaint does not affirmatively allege that the forgery was hidden from plaintiff, but does alleges that plaintiff at an unspecified (and presumably later) time obtained a copy of the

notary's Oath of Office from the Florida Department of State; he submits as attachments to the complaint that document and other documents purporting to bear the signature of the same notary, to support his claim that a forgery is obvious. ECF No. 1 at 11, 75-83 (Exhibits H & I). The complaint does not state when this information about the notary's signature was obtained by plaintiff or how he came to suspect a forgery. Accordingly, the timeliness of Claim Four arguably turns on facts beyond the complaint and judicially noticed documents, and the motion to dismiss therefore cannot be decided on timeliness grounds.

For the reasons explained above, Claims Two, Five, and the fraud portion of Claim Six should be dismissed as untimely under Cal. Code Civ. Proc. § 338. As to Claim Four, the court now turns to the sufficiency of its allegations to state a viable claim for relief.

### B. Claim Four Fails To State A Claim

Claim Four is predicated on the alleged forgery of a notary's signature and defendants' subsequent "filing" (i.e. recording) of the document "across state lines." As defendants correctly argue, a forged notary signature would not render the assignment itself fraudulent. A notary confirms the identity of the legally necessary signatories to a transaction; the notary herself is not a party to the transaction. Even if the complaint stated facts sufficient to support an inference that defendants knew the notary signature was forged when they caused the assignment of deed to be recorded, plaintiff could not on that basis maintain a fraudulent foreclosure claim against defendants. A defect in notarization would not necessarily undermine the validity of the deed or its assignment, or support a theory that the subsequent foreclosure sale was illegitimate. Plaintiff has articulated no cognizable theory of fraud in support of Claim Four,[5] and the court can conceive of none on these facts.

### C. Leave to Amend

Generally, Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." The undersigned has carefully considered whether plaintiff should be permitted an opportunity to amend those claims asserted in his

---

[5] The complaint cites exclusively to provisions of the California Penal Code. These do not provide a private cause of action.

9

complaint. Despite the Ninth Circuit's general policy of extreme liberality regarding amendment, district courts are only required to grant leave to amend if a complaint can possible be saved. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." Id. Where a pleading cannot be cured by the allegation of additional facts, leave to amend need not be provided. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

Amendment in this case could not affect application of the statute of limitations. Plaintiff confirmed at hearing on the motion that he was aware at the time of the foreclosure sale in 2008 that defendants had wrongly foreclosed against him. That he only later identified legal theories with which to challenge the foreclosure does not affect the accrual of his claims, or their timeliness. As to Claim Four, even if additional facts could support timeliness on a delayed discovery theory, amendment nonetheless would be futile for the reasons previously explained.

"Because any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Accordingly, the undersigned concludes that the complaint in its entirety should be dismissed without leave to amend.

## V.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss, ECF No. 17, be GRANTED and the case DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE